UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BRIAN WILLIS,            Case No. 09-13406

       Plaintiff,                      Avern Cohn
vs.                                      United States District Judge

UNKNOWN DETROIT POLICE OFFICERS,     Michael Hluchaniuk
                                                 United States Magistrate Judge

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 19)**

Plaintiff, an inmate currently at the Gus Harrison Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff is suing unnamed police officers from the City of Detroit and Sergeant Jim Graham, alleging that he was wrongfully prosecuted, that defendants lacked probable cause for the prosecution, and that the prosecution was undertaken with recklessness and malice. *Id.* On September 9, 2009, this case was referred to the undersigned for all pretrial purposes by District Judge Avern Cohn. (Dkt. 4).

Plaintiff filed an affidavit in support of his request for entry of default against defendant Graham on December 17, 2009. (Dkt. 18). Plaintiff then filed a motion for entry of default judgment. (Dkt. 19). On December 18, 2009, the clerk

of the court issue a notice of denial of entry of default because defendant Graham had filed an answer to the complaint on October 30, 2009. (Dkt. 22, 11).

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motion for default judgment because no default was first entered by the clerk of the court as required by Rule 55.[1] Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Hickman v. Burchett*, 2008 WL 926609, *1 (S.D. Ohio 2008) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (internal quotation marks omitted, collecting cases).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

---

[1] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 29, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I certify that on April 29, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Dennis Burnett, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Gregory Brian Willis,11075 McKinney, Detroit, MI 48224.

                                            s/Tammy Hallwood
                                            Case Manager
                                            U.S. District Court
                                            600 Church Street
                                            Flint, MI 48502
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov