UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY BRIAN WILLIS, | Case No. 09-13406 |
| Plaintiff, | Avern Cohn |
| vs. | United States District Judge |
| UNKNOWN DETROIT POLICE OFFICERS, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

# REPORT AND RECOMMENDATION
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12)

## I.  PROCEDURAL HISTORY

Plaintiff, an inmate currently at the Gus Harrison Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff is suing unnamed police officers from the City of Detroit and Sergeant Jim Graham, alleging that he was wrongfully prosecuted, that defendants lacked probable cause for the prosecution, and that the prosecution was undertaken with recklessness and malice. *Id.* On September 9, 2009, this case was referred to the undersigned for all pretrial purposes by District Judge Avern Cohn. (Dkt. 4).

On November 12, 2009, plaintiff filed a motion for summary judgment. (Dkt. 12). Plaintiff submitted an affidavit and various documents in support of his

motion. (Dkt. 13). Plaintiff asserts that defendants initiated a criminal prosecution against him in 2001, which was dismissed in 2009. Plaintiff states that defendants withheld exculpatory evidence about plaintiff's prior convictions in the pre-sentence report. Plaintiff then claims that defendant Graham was notified by the Michigan Department of Corrections concerning a felony warrant extending from a 2006 crime. Plaintiff states that Graham failed to act and, as a result, plaintiff's parole was suspended. *Id.*

Defendant Graham filed a response on April 9, 2010. (Dkt. 29). Graham argues that plaintiff's complaint does not contain any particularized facts implicating him in any wrongful or unlawful conduct and plaintiff's motion fails to demonstrate the existence of any triable fact question as to Graham's liability. (Dkt. 29). Defendant also points out that plaintiff cites no legal authority in support of his motion for summary judgment. According to defendant, the sole reference to Graham appears on a Michigan Department of Corrections form entitled "Request for Hold/Notification," which identifies Graham as a "contact person." This form is dated nearly seven and one-half years after the criminal proceedings at issue were initiated. Defendant argues that this lone entry fails to demonstrate any involvement by Graham in the initiation, or continued prosecution of the 2001 criminal action which plaintiff contends was wrongful and unlawful from its inception. Moreover, according to defendant, the document fails

to demonstrate that Graham ever was, in fact, contacted for any purpose by MDOC personnel regarding plaintiff. *Id.* This matter is now ready for report and recommendation

## II. ANALYSIS AND CONCLUSION

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Here, plaintiff will bear the burden of proving his claims at trial; therefore, he is required to establish all of the essential elements of his claims. However, plaintiff does not offer any evidence to support his claim that defendant Graham violated his constitutional rights. In the view of the undersigned, merely restating the rather convoluted allegations contained in his complaint in an affidavit and including oblique references to attached documents is simply not enough to allow the court to enter summary judgment in his favor. Defendant's point that plaintiff cites no legal authority to support his motion is well-taken. It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). And, the court is not obligated to make plaintiff's case for him or to "wade through and search the entire record" for some specific facts that might support his motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Simply, plaintiff has not satisfied his burden of coming forward with sufficient facts, or an explanation of applicable law, on which the court could possibly enter summary judgment in his favor.

## III. RECOMMENDATION

Based on the foregoing, the undersigned suggests that plaintiff's motion for summary judgment should be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 1, 2010                     s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that, on July 1, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Dennis Burnett, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Gregory Brian Willis, 11075 McKinney, Detroit, MI 48224.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov